**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | | |
|---|---|---|
| JOSEPH AUSTIN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-00159 |
| | ) | |
| v. | ) | Removed from the |
| | ) | Circuit Court of the Second Judicial |
| SMYRNA READY MIX | ) | Circuit, Leon County |
| CONCRETE LLC, d/b/a | ) | Case No. 2023 CA 000003 |
| SRM CONCRETE | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Smyrna Ready Mix Concrete, LLC ("SRM" or "Defendant") hereby files this Notice of Removal. SRM removes this case from the Circuit Court of the Second Judicial Circuit, Leon County, Florida to the United States District Court for the Northern District of Florida, Tallahassee Division under 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for this removal are further detailed as follows:

### The Removed Case

1. On or about December 31, 2022, Plaintiff Joseph Austin filed a Complaint against Defendant in the Circuit Court of the Second Judicial Circuit, Leon County, Case No. 2023 CA 000003.

2. Plaintiff's Complaint alleges discrimination and retaliation in violation of the Florida Civil Rights Act. (*See generally* Plaintiff's Complaint).

3. On March 23, 2023, Defendant was served with a copy of Plaintiff's Complaint and Summons by process server.

**Procedural Requirements For Removal Have Been Met**

4. The lawsuit is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Florida, Tallahassee Division, is the federal judicial district and division encompassing Leon County, Florida, where this action was filed. *See also* N.D. Fla. Loc. R 3.1(B) ("A removed case must be filed in the division that includes the county where the case was pending in state court.").

5. Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings and orders" that Defendant has received as of the date of the instant filing are attached here as **Exhibit A**. *See also* N.D. Fla. Loc. R 7.1 (requiring a copy of each paper filed or served in the state court, if feasible).

6. This notice of removal is timely filed in compliance with 28 U.S.C. §1446(b)(1) because it was filed within thirty (30) days of March 23, 2023, the date on which Defendant received service.

7. The lawsuit is properly removed pursuant to 28 U.S.C. § 1446(b)(2) as SRM is the only Defendant in this matter.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is giving written notice of the filing of the Notice of Removal to Plaintiff, through counsel, and a copy of this

Notice of Removal is being filed with the Clerk of the Circuit Court of the Second Judicial Circuit, Leon County.

**Diversity Jurisdiction Exists**

9. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332.

**Diversity of Citizenship**

10. A natural person is a citizen in the state in which they are domiciled. *Postell v. Ryder Truck Rental, Inc.*, 512 F. App'x 977, 980 (11th Cir. 2013). Domicile consists of two elements: residency in a state and intent to remain in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). Courts look to various factors in determining a person's intent to remain in a state. *Id.* Place of employment, the location of bank accounts, driver's license and tax records may be used as evidence to establish domicile. *Id.* Plaintiff is a resident of the State of Florida and has been at all times pertinent to his Complaint, which includes allegations beginning in 2016. (Plaintiff's Complaint, ¶¶ 3, 6). Plaintiff was employed by SRM in the State of Florida. (Smotherman Dec., Exhibit B, ¶3). Plaintiff enrolled in payroll direct deposit identifying a Wells Fargo account in Tallahassee, Florida. (Smotherman Dec., Exhibit B, ¶5). During his employment

with SRM, Plaintiff had a Florida driver's license. (Smotherman Dec., Exhibit B, ¶6).[1] Accordingly, Plaintiff is a citizen of the State of Florida.

11. Defendant Smyrna Ready Mix, LLC is a Tennessee limited liability company. (Jeffrey Hollingshead Dec., Exhibit C, ¶2; Ryan Hollingshead Dec., Exhibit D, ¶2; Melissa Hollingshead Dec., Exhibit E, ¶2; Michael Hollingshead Dec., Exhibit F, ¶2). "[A] limited liability company is a citizen of each state in which its members are citizens." *CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, No. 20-11748, 2021 WL 3486168 (11th Cir. July 15, 2021). Smyrna Ready Mix, LLC's sole member is Hollingshead Holding Company, LLC. (Jeffrey Hollingshead Dec., Exhibit C, ¶2; Ryan Hollingshead Dec., Exhibit D, ¶2; Melissa Hollingshead Dec., Exhibit E, ¶2; Michael Hollingshead Dec., Exhibit F, ¶2). Hollingshead Holding Company, LLC is a Tennessee limited liability company. (Jeffrey Hollingshead Dec., Exhibit C, ¶2; Ryan Hollingshead Dec., Exhibit D, ¶2; Melissa Hollingshead Dec., Exhibit E, ¶2; Michael Hollingshead Dec., Exhibit F, ¶2). Hollingshead Holding Company, LLC has four members: Michael Hollingshead, Melissa Hollingshead, Jeffrey Hollingshead, and Ryan Hollingshead. (Jeffrey Hollingshead Dec., Exhibit C, ¶2; Ryan Hollingshead Dec., Exhibit D, ¶2; Melissa Hollingshead

[1] "[A] presumption exists that a domicile continues until it is proven changed." *Branch Banking & Tr. Co. v. Soleil Energy Sols., LLC*, No. 1:16-CV-1505-MHC, 2017 WL 3446632, at *4 (N.D. Ga. Jan. 18, 2017).

Dec., Exhibit E, ¶2; Michael Hollingshead Dec., Exhibit F, ¶2). Michael, Melissa, Jeffrey, and Ryan Hollingshead are all citizens of the State of Tennessee. (Jeffrey Hollingshead Dec., Exhibit C, ¶3; Ryan Hollingshead Dec., Exhibit D, ¶3; Melissa Hollingshead Dec., Exhibit E, ¶3; Michael Hollingshead Dec., Exhibit F, ¶3). Indeed, Michael, Melissa, Jeffrey, and Ryan Hollingshead all reside in the State of Tennessee and intend to remain residents in the State of Tennessee. (Jeffrey Hollingshead Dec., Exhibit C, ¶4; Ryan Hollingshead Dec., Exhibit D, ¶4; Melissa Hollingshead Dec., Exhibit E, ¶4; Michael Hollingshead Dec., Exhibit F, ¶4). Because SRM's sole member and its sole member's members are all citizens of Tennessee, SRM is a Tennessee citizen for diversity purposes.[2]

12. Because Plaintiff is a citizen of Florida and because Defendant is a citizen of Tennessee, complete diversity of citizenship exists.

---

[2] Defendant has exceeded its burden of establishing citizenship of the parties at this stage. Indeed, "[a] party requesting removal of a case need only allege the citizenship of the parties." *Oduok v. St. Leo Univ.*, No. 1:08-CV-1436-JEC, 2009 WL 10672146, at *2 (N.D. Ga. Feb. 9, 2009) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, (1936)). "It is only when those allegations are properly challenged, either by his adversary or by the court, that the removing party must support them by competent proof." *Id.* (internal quotations omitted).

**Amount in Controversy**[3]

13. Plaintiff's Complaint states that his action involves claims in excess of $30,000. (Plaintiff's Complaint, ¶ 2). Where the plaintiff does not plead a specific amount of damages in the complaint, a removing defendant can establish the amount in controversy with factual allegations and support, and "the court can make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Santos v. Acara Sols., Inc.*, No. 6:21-CV-68-JA-DCI, 2021 WL 1382330, at *2 (M.D. Fla. Apr. 13, 2021) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

14. Plaintiff asks for: (1) equitable relief; (2) general and compensatory damages and economic loss to Plaintiff; (3) a permanent injunction; and (4) attorney's fees and costs. (Plaintiff's Complaint, *see* "prayer for relief"). Further, Plaintiff maintains he has "suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are *continuing and are permanent*." (Plaintiff's Complaint, ¶ 38 (emphasis added)).

---

[3] SRM discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, SRM does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

15. At the time of Plaintiff's separation of employment, he made $17.00 per hour and was employed full-time. (Smotherman Dec., Exhibit B, ¶7). Plaintiff's separation of employment occurred on March 9, 2020. (Plaintiff's Complaint, ¶ 6; Smotherman Dec., Exhibit B, ¶3). Therefore, a reasonable estimate of backpay from March 9, 2020 through April 21, 2023 is $110,160 (($17/hr. x 40 hrs. per week) x 162 weeks).[4] This alone exceeds the jurisdictional prerequisite.

16. Courts have held that $50,000-$75,000 is a reasonable estimate of potential attorney's fees in cases under the Florida Civil Rights Act. *See Santos v. Acara Sols., Inc.*, No. 6:21-CV-68-JA-DCI, 2021 WL 1382330, at *2 (M.D. Fla. Apr. 13, 2021) (and cases cited therein) (denying motion to remand and finding removal proper where amount in controversy was met through back pay, estimated attorneys' fees and punitive damages).

17. Moreover, the Florida Civil Rights Act "allows for the recovery of up to $100,000 in punitive damages." *Id.* (citing Fla. Stat. § 760.11 (5)).

---

[4] SRM has made conservative assumptions in arriving at this figure. First, there are actually 162 weeks and 3 days between March 9, 2020 and April 21, 2023. Moreover, some courts have held that it is appropriate to use the trial date when calculating probable backpay. *See e.g., Morgan v. Sears, Roebuck, & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012); *Santos v. Acara Sols., Inc.*, No. 6:21-CV-68-JA-DCI, 2021 WL 1382330, at *2 (M.D. Fla. Apr. 13, 2021). Furthermore, there were times when Plaintiff worked overtime. (Smotherman Dec., Exhibit B, ¶7).

18. Therefore, even without figuring in Plaintiff's other damages, such as alleged emotional distress, it is clear that the amount in controversy exceeds $75,000 exclusive of interest and costs. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (" [T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (internal quotations omitted).

**Conclusion**

19. This court has original jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, Defendant therefore can remove this action to the district court of the United States embracing the place where the state action is pending. Defendant has met the procedural requirements for doing so under 28 U.S.C. § 1446.

WHEREFORE, Defendant Smyrna Ready Mix Concrete, LLC hereby removes this action from the Circuit Court of the Second Judicial Circuit, Leon County, Florida to the United States District Court for the Northern District of Florida, Tallahassee Division.

Respectfully submitted,

*/s/ Hannesson I. Murphy*
Hannesson I. Murphy
(Florida Bar No. 0128589)

BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Email: hannesson.murphy@btlaw.com

*Attorneys for Defendant,*
*Smyrna Ready Mix Concrete, LLC, d/b/a*
*SRM Concrete*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April 2023, the foregoing was served on the following counsel of record by regular U.S. Mail and email:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com

*/s/ Hannesson I. Murphy*
Hannesson I. Murphy